**Vardush Artash ARAKELYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75035.

Agency No. A79–570–410.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2005.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM**

Vardush Artash Arakelyan, a native of Iran and a citizen of Iran and Armenia, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") that affirmed an immigration judge's ("IJ") order denying asylum, withholding of removal and protection under the Convention Against Torture ("CAT") and denied Arakelyan's motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, withholding and CAT relief, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we review for abuse of discretion the denial of a motion to remand, *see Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the BIA's determination that the incidents Arakelyan described were not sufficiently severe to establish past persecution in either Armenia or Iran. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

Substantial evidence supports the agency's conclusion that Arakelyan did not demonstrate a well-founded fear of persecution in Armenia because she did not "point to credible, direct, and specific evidence in the record" that her fear was objectively reasonable. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (internal quotation marks and citation omitted). Arakelyan's fear of persecution in Iran is too speculative to compel a finding of a well-founded fear of persecution. *See Na-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*goulko v. INS,* 333 F.3d, 1012, 1018 (9th Cir.2003).

As Arakelyan is unable to meet the burden of proof for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Arakelyan also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if removed to either Armenia or Iran. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

Because Arakelyan failed to demonstrate prima facie eligibility for adjustment of status, the BIA did not abuse its discretion in denying the motion to remand. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 245.2(a)(2)(i)(A).

**PETITION FOR REVIEW DENIED.**